

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT

**ZACHARY W. CARTER**
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NY 10007

**W. KEAUPUNI AKINA**
*Senior Counsel*
Phone: (212) 356-2377
Fax: (212) 356-3509
wakina@law.nyc.gov

April 5, 2019

**BY ECF**
Honorable Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:     <u>Deshawn Daniels v. City of New York, et al.</u>
        18 CV 3717 (RA)

Your Honor:

       I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney representing the City of New York ("City") in this matter. The City writes in response to plaintiff's motion to compel dated April 4, 2019. In short, the City will provide plaintiff with the CCRB file that he seeks by April 12, 2019, but opposes plaintiff's request for an extension of any time to amend.

       By way of background, on March 31, 2019, Your Honor decided the City's motion to dismiss, dismissing all claims except for plaintiff's federal claim for denial of the right to a fair trial. (Dkt. No. 33). In effect, Your Honor dismissed all claims against the City but granted plaintiff leave to amend plaintiff's failure to intervene, supervisory liability, and <u>Monell</u> claims by April 29, 2019. (<u>Id.</u>). Contrary to plaintiff's belief, Your Honor declined to dismiss any of the John Doe defendants and instead directed "plaintiff—who is counseled—…to promptly seek to identify and serve the John Doe defendants" by April 29, 2019. (<u>Id.</u>). On April 2, 2019, despite no <u>Valentin</u> order in place, plaintiff's counsel sent an email seeking "the names of the John Does as well as the recordings of both my client and the John Does at the CCRB."

       In what appears to be a continuing trend, plaintiff again seeks judicial intervention without first properly conferring in good faith with counsel as is required by Local Civil Rule 37.3 and Your Honor's Individual Rule 3. (<u>See</u> Dkt. No. 10 and 11). In response to plaintiff's counsel's email dated April 2, 2019 regarding the identity of John Doe officers, the undersigned indicated that he would look into the request and respond more fully early next week as the

undersigned is currently preparing for trial.[1] On this basis alone, plaintiff's motion should be denied as premature. However, in the interest of conserving judicial resources, the City will provide the CCRB file that plaintiff's counsel seeks by April 12, 2019. The City opposes plaintiff's request to identify the John Doe officers as it is plaintiff's burden to properly identify parties to this lawsuit, especially where he is represented by counsel.

The City opposes plaintiff's request for an extension of time to amend since the CCRB file is a file which plaintiff could have sought to obtain in the last 4 years before filing his lawsuit. Plaintiff could have also sought to obtain any number of records from court documents or the NYPD in the last 4 years to meet his burden. Plaintiff's lack of diligence does not merit an extension at this juncture, especially where his sole remaining claim of denial of the right to a fair trial may ultimately prove to be barred by the statute of limitations, as was the case for most of his other original claims. (Dkt. No. 33). Moreover, plaintiff again failed to confer in good faith with the City before seeking an extension of the time to amend.

The City thanks the Court for its consideration.

Respectfully submitted,

/s/
W. KeAupuni Akina
*Senior Counsel*

cc:     Gregory Antollino, Esq. (Via ECF)
        *Attorney for plaintiff*

---

[1] Plaintiff's counsel wrongly suggests that the undersigned misrepresented the fact that he is preparing for trial. The undersigned is counsel of record in the matter of Dr. Rachel Wellner v. City of New York et al. (16 Civ. 7032) (JGK) (JLC) (SDNY) (ECF No. 149), currently scheduled for trial on April 15, 2019. This also would have been immediately apparent had plaintiff's counsel properly conferred with the undersigned or thoroughly searched ECF.