18 Civ. 3717 (RA)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DESHAWN DANIEL,

Plaintiff,

-against-

DETECTIVE BRIAN TAYLOR, DETECTIVE JAMES
CLEARY, SERGEANT WESLEY FRADERA,
DETECTIVE NEIL MAGLIANO,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants Taylor, Cleary,*
*Fradera, and Magliano*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  W. KeAupuni Akina*
*Tel:  (212) 356-2377*
*Matter 2018-033663*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................... iii

PRELIMINARY STATEMENT ..................................................................................... 1

STATEMENT OF FACTS ............................................................................................. 1

PROCEDURAL HISTORY............................................................................................ 2

STANDARD OF REVIEW ............................................................................................ 4

ARGUMENT .................................................................................................................. 7

      POINT I ................................................................................................................ 7

          **PLAINTIFF'S DENIAL OF THE RIGHT TO A FAIR TRIAL CLAIM FAILS** ................................................. 7

          A.   Plaintiff's Claim is Barred by the Statute of Limitations ....................................................................... 7

          B.   Plaintiff Fails to State a Claim for Denial of the Right to a Fair Trial ................................................... 9

      POINT II ............................................................................................................. 10

          **PLAINTIFF'S FAILURE TO INTERVENE CLAIM FAILS AS A MATTER OF LAW** ......................................... 10

      POINT III............................................................................................................ 12

          **PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS DO NOT RELATE BACK TO HIS INITIAL COMPLAINT**................................................ 12

          A.   Plaintiff's § 1983 claims against the individual defendant officers do not relate back under Fed. R. Civ. P. 15(c)(1)(C) ....................................... 12

          B.   Plaintiff's § 1983 claims against the individual defendant officers do not relate back under Fed. R. Civ. P. 15(c)(1)(A) ....................................... 15

          (1)   New York C.P.L.R. § 203................................................................... 16

          (2)   New York C.P.L.R. § 1024................................................................. 16

POINT IV...............................................................................................................18

        **PLAINTIFF'S § 1981 CLAIMS AND § 1983**
        **CLAIMS FOR UNLAWFUL SEARCH AND**
        **SEIZURE AND EXCESSIVE FORCE WERE**
        **PREVIOUSLY DISMISSED WITH**
        **PREJUDICE**.......................................................................................18

CONCLUSION.....................................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Abdul-Rahman v. The City of New York,
    10 CV 2778, 2012 U.S. Dist. LEXIS 45653 (E.D.N.Y. Mar. 27, 2012) ...................................5

Adamou v. Cty. of Spotsylvania, Va.,
    No. 12 Civ. 7789 (ALC), 2016 U.S. Dist. LEXIS 32505 (S.D.N.Y. Mar. 14,
    2016) ...........................................................................................................................................9

In re Aluminum Warehousing Antitrust Litig.,
    833 F.3d 151 (2d Cir. 2016)........................................................................................................4

Alvarez v. Strack,
    No. 09 Civ. 1138 (PGG), 2010 U.S. Dist. LEXIS 111574 (S.D.N.Y. Oct. 19,
    2010) .........................................................................................................................................14

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)...............................................................................................................4, 11

Barrow v. Wethersfield Police Dept.,
    66 F.3d 466 (2d Cir. 1995)........................................................................................................14

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)....................................................................................................................4

Bowen v. City of New York,
    No. 09 Civ. 7585 (RJS), 2010 U.S. Dist. LEXIS 132443 (S.D.N.Y. Dec. 10,
    2010) .........................................................................................................................................13

Buran v. Coupal,
    87 N.Y.2d 173 (1995) ...............................................................................................................16

Cooper v. City of New Rochelle,
    925 F. Supp. 2d 588 (S.D.N.Y. 2013).......................................................................................13

Cooper v. City of New York,
    No. 10 Civ. 5636 (SAS), 2012 U.S. Dist. LEXIS 3499 (S.D.N.Y. Jan. 11,
    2012) .........................................................................................................................................15

Cooper v. Dieugenia,
    No. 14-CV-6136 (PKC), 2017 U.S. Dist. LEXIS 28970 (E.D.N.Y. Feb. 27,
    2017) ...........................................................................................................................................9

Davis v. Cotov,
  214 F. Supp. 2d 310 (E.D.N.Y. 2002) ...................................................................5

Dominguez v. City of New York,
  No. 10-CV-2620 (BMC), 2010 U.S. Dist. LEXIS 88818 (E.D.N.Y. Aug. 26,
  2010) ..................................................................................................................14

In re Elevator Antitrust Litig.,
  502 F.3d 47 (2d Cir. 2007)...................................................................................4

Fahie v. Mainor,
  No. 09 Civ. 8101 (LAP), 2013 U.S. Dist. LEXIS 49803 (S.D.N.Y. Mar. 31,
  2013) ..................................................................................................................13

Feinberg v. City of New York,
  No. 99 Civ. 12127 (RCC), 2004 U.S. Dist. LEXIS 16098 (S.D.N.Y. Aug. 13,
  2004) ..................................................................................................................11

Franks v. Wittick,
  No. 15-CV-6178 (RRM) (JO), 2018 U.S. Dist. LEXIS 170196 (E.D.N.Y. Sep.
  28, 2018) ..............................................................................................................7

Hogan v. Fischer,
  738 F.3d 509 (2d Cir. 2013)..............................................................12, 15, 17

JCG v. Ercole,
  No. 11 Civ. 6844 (JLC), 2014 U.S. Dist. LEXIS 57417 (S.D.N.Y. Apr. 24,
  2014) ..................................................................................................................17

Jean-Laurent v. Wilkinson,
  540 F. Supp. 2d 501 (S.D.N.Y. 2008)................................................................10

Johnson v. Constantellis,
  221 Fed. Appx. 48 (2d Cir. 2007)........................................................................13

Jovanovic v. City of New York,
  486 Fed. Appx. 149 (2d Cir. 2012).......................................................................9

Jurkowitsch v. City of New York,
  No. 14-CV-6810 (PKC), 2015 U.S. Dist. LEXIS 165129 (E.D.N.Y. Dec. 9,
  2015) aff'd 673 Fed. Appx. 44 (2d Cir. 2016).......................................................6

Khanukayev v. City of New York,
  09 Civ. 6175 (GWG), 2011 U.S. Dist. LEXIS 131625 (S.D.N.Y. Nov. 15,
  2011) ..................................................................................................................15

Lafaro v. New York Cardiothoracic Group, PLLC,
  570 F.3d 471 (2d Cir. 2009)................................................................................1

Lauderdale v. City of New York,
    No. 15-CV-1486 (JGK), 2018 U.S. Dist. LEXIS 45624 (S.D.N.Y. Marc. 19,
    2018) ...................................................................................................................................9

Leneau v. Ponte,
    No. 16 Civ. 776 (GHW), 2018 U.S. Dist. LEXIS 12272 (S.D.N.Y. Jan. 24,
    2018) ................................................................................................................................9, 11

Mazzone v. Town of Southhampton,
    283 F. Supp. 3d 38 (E.D.N.Y. 2017) ...................................................................................6

McDonough v. Smith,
    898 F.3d 259 (2d Cir. 2018)..............................................................................................7, 8

McLennon v. City of New York,
    171 F. Supp. 3d 69 (E.D.N.Y. 2016) ...................................................................................5

McLennon v. New York City,
    No. 13-CV-128 (KAM), 2015 U.S. Dist. LEXIS 42920 (E.D.N.Y. Mar. 31,
    2015) .....................................................................................................................................5

Nealy v. Berger,
    No. 08-cv-1322 (JFB), 2009 U.S. Dist. LEXIS 20939 (E.D.N.Y. Mar. 16,
    2009) .....................................................................................................................................5

O'Neill v. Krzeminski,
    839 F.2d 9 (2d Cir. 1988)....................................................................................................10

Owens v. Okure,
    488 U.S. 235 (1989)..............................................................................................................7

Patterson v. County of Oneida,
    375 F.3d 206 (2d Cir. 2004)................................................................................................15

Roberts v. Babkiewicz,
    582 F.3d 418 (2d Cir. 2009)..................................................................................................4

Rodriguez v. City of New York,
    No. 10 Civ. 1849 (PKC), 2011 U.S. Dist. LEXIS 102725 (S.D.N.Y. Sept. 7,
    2011) ...................................................................................................................................14

Sira v. Morton,
    380 F.3d 57 (2d Cir. 2004)................................................................................................4, 6

Smalls v. City of New York,
    181 F. Supp. 3d 178 (E.D.N.Y. 2016) ..................................................................................7

Spagnola v. Chubb Corp.,
  574 F.3d 64 (2d Cir. 2009)................................................................................4

Strada v. City of New York,
  No. 11-CV-5735 (MKB), 2014 U.S. Dist. LEXIS 94687 (E.D.N.Y. July 11,
  2014) ...............................................................................................................16

Vasconcellos v. City of New York,
  No. 12 Civ. 8445 (CM), 2014 U.S. Dist. LEXIS 143429 (S.D.N.Y. Oct. 2,
  2014) ..........................................................................................................15, 16

Vasquez v. City of New York,
  99 Civ. 4606 (DC), 2000 U.S. Dist. LEXIS 8887 (S.D.N.Y. June 29, 2000)...........................5

**Statutes**

42 U.S.C. § 1983................................................................................... *passim*

C.P.L.R. § 203...............................................................................................16

C.P.L.R. § 1024.......................................................................................16, 17

CPL 160.50 ....................................................................................................17

**Other Authorities**

Fed. R. Civ. P. 3..............................................................................................2

Fed. R. Civ. P. 4(m) ......................................................................................12

Fed. R. Civ. P. 8 .............................................................................................9

Fed. R. Civ. P. 12(b)(6)......................................................................... *passim*

Fed. R. Civ. P. 15(c) ............................................................................. *passim*

## PRELIMINARY STATEMENT

Plaintiff Deshawn Daniels ("plaintiff") maintains this action pursuant to 42 U.S.C. § 1983, alleging that defendants Det. Brian Taylor ("Taylor"), Det. James Cleary ("Cleary"), Sgt. Wesley Fradera ("Fradera"), and Det. Neil Magliano ("Magliano") (collectively "defendants") violated his civil rights. Defendants respectfully submit this Memorandum of Law in support of their motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing plaintiff's Second Amended Complaint ("SAC") with prejudice on the grounds that: (1) plaintiff's denial of the right to a fair trial claim is time barred and not adequately pled; (2) plaintiff fails to adequately plead a claim for failure to intervene; (3) the SAC identifying the individually named defendants should not relate back to plaintiff's original complaint; and (4) plaintiff's § 1981 claims and § 1983 claims for unlawful search and seizure and excessive force should remain dismissed since they were previously dismissed with prejudice.

## STATEMENT OF FACTS

Plaintiff's allegations in the SAC are taken to be true for the purposes of this motion to dismiss. Lafaro v. New York Cardiothoracic Group, PLLC, 570 F.3d 471, 475 (2d Cir. 2009).

As it relates to plaintiff's surviving claims of denial of the right to a fair trial and failure to intervene, plaintiff alleges, *inter alia*, that on March 18, 2015, he was driving from the Bronx into Manhattan by way of the Macomb's Bridge. (SAC annexed to the declaration of W. KeAupuni Akina dated May 22, 2019 ("Akina Decl.") as Exhibit A ¶ 19). Plaintiff was pulled over by the defendant officers near the Domino's Pizza at 148th Street (id. ¶ 20) and eventually arrested for making an illegal left turn on the Macomb's Bridge (id. ¶ 28). At an unspecified time and location, the police officers found a butterfly knife in plaintiff's pocket. (Id. ¶ 32). Plaintiff claims that "[t]hey" falsified the charge of "possession of a dangerous weapon" for the butterfly

knife, which plaintiff contends he did not possess. (Id. ¶¶ 52-53). Plaintiff also contends that "[t]he officers" falsely accused him of saying that the butterfly knife was for plaintiff's personal protection. (Id. ¶ 53). On the day of his arrest on March 18, 2015, plaintiff was provided a property receipt with his property (id. ¶ 49; Property Receipt annexed to the Akina Declaration as Exhibit B) and a desk appearance ticket ("DAT").[1] (DAT annexed to the Akina Declaration as Exhibit C). Both documents indicated that the top charge against plaintiff was for PL 265.01— which is the statute for Criminal Possession of a Weapon in the Fourth Degree, and that the arresting officer was Det. Taylor. (Property Receipt, Akina Decl., Ex. B; DAT, Akina Decl., Ex. C). Plaintiff ultimately received an adjournment in contemplation of dismissal ("ACD"), culminating in the dismissal of his case on June 13, 2016. (SAC, Akina Decl., Ex. A ¶ 54; Certificate of Disposition annexed to the Akina Decl. as Exhibit D).

## PROCEDURAL HISTORY

On April 27, 2018, plaintiff commenced this action by filing his original complaint in this lawsuit. (Dkt. No. 3; Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court")). On April 30, 2018, plaintiff filed an Amended Complaint against the City of New York and John/Jane Does 1-5. (Dkt. No. 4). On July 24, 2018, the City of New York ("City") moved to dismiss plaintiff's Amended Complaint pursuant to Rule 12(b)(6), based in part on the expiration of the statute of limitations. (Dkt. Nos. 15-17). On September 14, 2018, plaintiff opposed the motion and cross-moved for equitable tolling of the statute of limitations. (Dkt. Nos. 22-24). On March 31, 2019, the Court granted the City's motion in part and denied in

---

[1] On March 25, 2015, approximately a week after his arrest, plaintiff provided a copy of the DAT to the Civilian Complaint Review Board ("CCRB") in connection with a sworn statement to the CCRB regarding plaintiff's March 18, 2015 arrest. (SAC, Akina Decl., Ex. A ¶¶ 41, 57; Plaintiff's recorded CCRB Statement annexed to the Akina Decl. as Exhibit E at 8:40-9:00 and 12:03-12:30; CCRB Verification Form annexed to the Akina Decl. as Exhibit F).

part, and denied plaintiff's cross-motion for equitable tolling. (Dkt. No. 33). Specifically, the Court: dismissed plaintiff's § 1981 claims; dismissed plaintiff's § 1983 claims for illegal search and seizure, excessive force, failure to intervene, supervisory liability, and municipal liability; denied the City's motion to dismiss as to plaintiff's § 1983 claim for denial of the right to a fair trial; denied plaintiff's motion for equitable tolling; and granted plaintiff leave to re-plead his claims for failure to intervene, supervisory liability, and municipal liability to the extent he can "plead factual allegations connecting them to his sole surviving claim for deprivation of the right to a fair trial." (Id. at 10, 12).

On April 4, 2019, without first consulting defendants, plaintiff filed a motion to compel the names of the John Doe officers. (Dkt. No. 34). The City then produced to plaintiff a copy of the CCRB investigation related to the underlying incident, resolving any discovery disputes related to the motion to compel. (Dkt. No. 40).

Between April 24, 2019 and April 29, 2019, plaintiff filed three versions of his SAC. (Dkt. Nos. 41, 42, 47). Defendants consider plaintiff's most recent version of the SAC, filed on April 29, 2019 to be the operative complaint for the purposes of this motion to dismiss. (Dkt. No. 47). Plaintiff has chosen not to re-plead claims for supervisory liability or municipal liability in his SAC, and does not name the City as a defendant. (SAC, Akina Decl., Ex. A). Plaintiff's SAC mentions claims that were "previously dismissed but included for narrative clarity on appeal" including his previously dismissed § 1981 claims, and § 1983 claims for unlawful search and seizure, and excessive force. (SAC, Akina Decl., Ex. A ¶¶ 58-75). Essentially, plaintiff's SAC only raises § 1983 claims for deprivation of the right to a fair trial and failure to intervene. (Id. ¶¶ 76-84). Defendants now move to dismiss the remaining claims in plaintiff's SAC pursuant to Rule 12(b)(6).

## STANDARD OF REVIEW

A pleading may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In considering a motion to dismiss, a district court must "accept as true all factual claims in the complaint, and draw all reasonable inferences in the plaintiff['s] favor." In re Aluminum Warehousing Antitrust Litig., 833 F.3d 151, 157 (2d Cir. 2016). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." A party's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations and citations omitted); see also, In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007) ("While [Twombly] does not require heightened fact pleading of specifics, it does require enough facts to nudge plaintiff's claims across the line from conceivable to plausible."). A court should therefore dismiss a complaint when it appears that a plaintiff has failed to plead a plausible claim of relief. See Spagnola v. Chubb Corp., 574 F.3d 64, 67 (2d Cir. 2009).

In deciding a motion to dismiss, courts will consider "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." Roberts v. Babkiewicz, 582 F.3d 418, 419 (2d Cir. 2009). "A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (citations omitted) (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002)).

See also, Abdul-Rahman v. The City of New York, 10 CV 2778 (ILG), 2012 U.S. Dist. LEXIS 45653, *6-7 (E.D.N.Y. Mar. 27, 2012) (quoting Sira, 380 F.3d at 67). To be incorporated by reference, the complaint must make a "clear, definite and substantial reference to the documents." McLennon v. City of New York, 171 F. Supp. 3d 69, 88 (E.D.N.Y. 2016) (quoting Helprin v. Harcourt, Inc., 277 F. Supp. 2d 327, 330-31 (S.D.N.Y. 2003). A document is integral to the complaint where plaintiff (1) has actual notice of the document and its information and (2) has relied upon the documents in framing the complaint. McLennon, 171 F. Supp. 3d at 89 (citing Chambers, 282 F.3d at 153).

Additionally, "a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)," including arrest reports, criminal complaints, indictments, and criminal disposition data. Vasquez v. City of New York, 99 Civ. 4606 (DC), 2000 U.S. Dist. LEXIS 8887, at *3, n. 1 (S.D.N.Y. June 29, 2000) (citations omitted). A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. Davis v. Cotov, 214 F. Supp. 2d 310, 315 (E.D.N.Y. 2002) (citing Fed. R. Evid. 201(b)). It is settled law that "[w]here the [c]ourt takes judicial notice, it does so 'in order to determine what statements [the public records] contained . . . not for the truth of the matters asserted." McLennon v. New York City, No. 13-CV-128 (KAM), 2015 U.S. Dist. LEXIS 42920, at *12 (E.D.N.Y. Mar. 31, 2015); see Nealy v. Berger, No. 08-cv-1322 (JFB), 2009 U.S. Dist. LEXIS 20939, at *6 n.3 (E.D.N.Y. Mar. 16, 2009) (noting that courts may take judicial notice of documents and filings in other courts, "not for the truth of the matters asserted therein but to establish the fact of such filings or orders.").

Here, as an initial matter, the Court may consider the property receipt, CCRB investigation, and DAT because they were incorporated by reference in plaintiff's SAC and are also integral to his complaint as he had actual notice of all of the information contained in the documents and relied upon it in framing parts of his complaint. See Sira, 380 F.3d at 67. Indeed, plaintiff only substituted the John Doe defendants for individually named defendants after the City provided the CCRB investigation to plaintiff. (Dkt. No. 40). First, as to the property receipt, plaintiff referenced the property receipt in his SAC by claiming that police officers "let him go, but gave a paper for his items, which included less than the cash that he had on him." (SAC, Akina Decl. Ex. A ¶ 49). Second, plaintiff references in his SAC the CCRB investigation into the underlying incident, including interviews provided by the defendants to the CCRB. (SAC, Akina Decl., Ex. A ¶¶ 41, 57). Thus, the Court may properly consider the CCRB investigation on this motion to dismiss. Third, as to the DAT, as part of the CCRB investigation, plaintiff provided a sworn audio recorded statement and several documents—including the DAT—to the CCRB on March 25, 2015. (DAT, Akina Decl., Ex. C; Plaintiff's CCRB Statement, Akina Decl., Ex. E at 8:40-9:00 and 12:03-12:30; CCRB Verification Form, Akina Decl., Ex. F). Accordingly, this Court may consider those documents when deciding defendants' 12(b)(6) motion.

Moreover, this Court may also take judicial notice of the DAT and certificate of disposition as a matter of public record when deciding defendants' Rule 12(b)(6) motion. Indeed, federal courts in this district have taken judicial notice of matters of public record which include appearance tickets and certificates of disposition on a motion to dismiss. See Mazzone v. Town of Southhampton, 283 F. Supp. 3d 38, 49 n.3 (E.D.N.Y. 2017) (taking judicial notice of the existence of an appearance ticket); see also Jurkowitsch v. City of New York, No. 14-CV-6810 (PKC), 2015 U.S. Dist. LEXIS 165129, at *5 n.4 (E.D.N.Y. Dec. 9, 2015) aff'd 673 Fed. Appx.

44 (2d Cir. 2016) ("The Court takes judicial notice of the existence of the desk appearance ticket and certificate of disposition relating to Plaintiff's arrest"). Accordingly, this Court may consider plaintiff's DAT and certificate of disposition documents when deciding defendants' 12(b)(6) motion.

Plaintiff's SAC must be dismissed with prejudice for the following reasons.

## ARGUMENT

## POINT I

## PLAINTIFF'S DENIAL OF THE RIGHT TO A FAIR TRIAL CLAIM FAILS

**A.      Plaintiff's Claim is Barred by the Statute of Limitations**

The statute of limitations for actions brought under Section 1983 is three years. Owens v. Okure, 488 U.S. 235, 251 (1989). Thus, a claim for the denial of the right to a fair trial brought under § 1983 is also subject to a three year statute of limitations. See McDonough v. Smith, 898 F.3d 259, 265 (2d Cir. 2018) (applying three year statute of limitations to fabrication of evidence and malicious prosecution claims). Generally, a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." Smalls v. City of New York, 181 F. Supp. 3d 178, 184 (E.D.N.Y. 2016) (citing Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980)). Unlike a malicious prosecution claim, a fair trial claim does not include a favorable termination element. See Franks v. Wittick, No. 15-CV-6178 (RRM) (JO), 2018 U.S. Dist. LEXIS 170196, at *25 (E.D.N.Y. Sep. 28, 2018) (citing McDonough, 898 F.3d at 267). Thus, the claim accrues prior to a favorable termination of the criminal matter. The Second Circuit has specified that a fair trial claim may accrue for purposes of the statute of limitations even before arraignment:

> Because the injury for this constitutional violation occurs at the
> time the evidence is used against the [criminal] defendant to

- 7 -

deprive him of his liberty, whether it be at the time he is **arrested**, faces trial, or is convicted, it is when he becomes aware of that tainted evidence and its improper use that the harm is complete and the cause of action accrues.

McDonough, 898 F.3d at 267 (emphasis added).

Here, plaintiff had reason to know of the alleged fabrication—that he possessed a butterfly knife and attending statement—on the day of his arrest, and at the latest by the time he was released from custody later that same day and given a property receipt and a DAT. (Property Receipt, Akina Decl., Ex. B; DAT, Akina Decl., Ex. C). Both pieces of paper indicate that plaintiff was being charged with PL 265.01, which is the statute for Criminal Possession of a Weapon in the Fourth Degree. See NY PL 265.01. As discussed below, plaintiff was provided these documents on the date of his arrest, so he had reason to know of the alleged fabricated charge, and his fair trial claim accrued on March 18, 2015.

The property receipt is dated March 18, 2015, describes property returned to plaintiff, and at the top of the page, under the heading for Charges / Offense Under Investigation, indicates the crime of PL 265.01. (Property Receipt, Akina Decl., Ex. B).

The DAT, also dated March 18, 2015, informed plaintiff of the "Top Offense Charged: PL 265.01 01." (DAT, Akina Decl., Ex. C). Towards the bottom of the DAT, plaintiff signed under "Defendant Signature" beneath the words "Acknowledgment of Defendant: I, the undersigned, do hereby acknowledge receipt of the above Desk Appearance Ticket, personally served upon me, and do agree to appear as indicated." (Id.). The date of plaintiff's signature is plaintiff's arrest date, March 18, 2015. (Id.). Moreover, the plaintiff in his recorded CCRB statement admits that he was given a DAT on the date of his arrest, and provides it on the record to the CCRB investigator. (Plaintiff's CCRB Statement, Akina Decl., Ex. E at 8:40-9:00 and

12:03-12:30). Therefore, on the date of plaintiff's arrest, he had reason to know that he had been arrested for the possession of a weapon and the allegedly false charges against him.

Since plaintiff's fair trial claim accrued on March 18, 2015, he had three years until March 18, 2018 to commence the instant lawsuit. However, plaintiff filed his initial complaint on April 27, 2018, nearly 6 weeks **after** the statute of limitations had expired. (Dkt. No. 3). Therefore, plaintiff's fair trial claim is barred by the statute of limitations.

**B.      Plaintiff Fails to State a Claim for Denial of the Right to a Fair Trial**

Plaintiff has not adequately pled a claim for denial of the right to a fair trial. The elements of a claim for denial of a right to a fair trial are that an "(1) investigating official (2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result." <u>Jovanovic v. City of New York</u>, 486 Fed. Appx. 149, 152 (2d Cir. 2012). "[I]t is not enough for Plaintiff to claim that simply because her account differs from the officers' accounts [the officer] must have lied to further the prosecution." <u>Cooper v. Dieugenia</u>, No. 14-CV-6136 (PKC), 2017 U.S. Dist. LEXIS 28970, at *27 (E.D.N.Y. Feb. 27, 2017); <u>see also</u> <u>Lauderdale v. City of New York</u>, No. 15-CV-1486 (JGK), 2018 U.S. Dist. LEXIS 45624, at *23-24 (S.D.N.Y. Marc. 19, 2018).

Here, plaintiff fails to differentiate between any of the officers' individual actions, instead treating them as a singular unit. However, "complaints that rely on group pleading and fail to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim." <u>See</u> <u>Leneau v. Ponte</u>, No. 16 Civ. 776 (GHW), 2018 U.S. Dist. LEXIS 12272, at *40 (S.D.N.Y. Jan. 24, 2018) (internal citations and quotations omitted); <u>Adamou v. Cty. of Spotsylvania, Va.</u>, No. 12 Civ. 7789 (ALC), 2016 U.S. Dist. LEXIS 32505, at *29-30 (S.D.N.Y. Mar. 14, 2016) (citing <u>Atuahene v. City of Hartford</u>, 10 F. App'x 33, 34 (2d Cir. 2001) ("observing that Federal Rule of Civil Procedure 8 'requires, at a minimum, that a

complaint give each defendant fair notice of what plaintiff's claim is and the ground upon which it rests,' and that a complaint fails to meet that minimum where it 'lump[s] all the defendants together in each claim and provide[s] no factual basis to distinguish their conduct'")). For that reason alone, plaintiff's SAC should be dismissed.

Indeed, plaintiff fails to allege which officer forwarded allegedly fabricated evidence to prosecutors. Despite the many amendments to his complaint, plaintiff fails to allege that **any** officer forwarded **any** evidence to prosecutors, let alone allegedly fabricated evidence. Especially where four officers are named as defendants, it is imperative that plaintiff identify each individual's alleged misconduct. However, he has failed to do so.

Therefore, plaintiff's denial of the right to a fair trial claim must be dismissed with prejudice.

## POINT II

### PLAINTIFF'S FAILURE TO INTERVENE CLAIM FAILS AS A MATTER OF LAW

As an initial matter, plaintiff's failure to intervene claim, predicated on his time-barred denial of the right to a fair trial claim, must also be dismissed for the same reason.

Plaintiff also fails to sufficiently plead a claim for failure to intervene. "A law enforcement officer has an affirmative duty to intercede on behalf of a citizen whose constitutional rights are being violated in his presence by other officers." O'Neill v. Krzeminski, 839 F.2d 9, 11 (2d Cir. 1988). However, liability may only attach when, "(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." Jean-Laurent v. Wilkinson, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008) (citing O'Neill, 839 F.2d at 11-12). Significantly, there can be no

- 10 -

failure to intervene where there was no constitutional violation. Feinberg v. City of New York, No. 99 Civ. 12127 (RCC), 2004 U.S. Dist. LEXIS 16098, at *4 (S.D.N.Y. Aug. 13, 2004) ("if the Court determines that the officer's conduct did not violate a constitutional right, however, the analysis ends") (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)).

The SAC is devoid of any facts sufficient to maintain a viable claim for failure to intervene. Despite having access to documents pertaining to his own criminal prosecution, and despite having been provided the CCRB investigation (Dkt. No. 40), plaintiff has failed to identify which of the four defendant officers fabricated evidence or forwarded such evidence to prosecutors. Plaintiff also fails to allege what opportunity, if any, the four defendant officers had to prevent this fabrication or forwarding of fabricated evidence. Instead, plaintiff impermissibly engages in group pleading, generally referring to the four individual defendants as a singular entity throughout his SAC. See Leneau, 2018 U.S. Dist. LEXIS 12272, at *40 ("complaints that rely on group pleading and fail to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim") (internal citations and quotations omitted). Plaintiff's conclusory allegations, without more, fall far short of the standard required to state a claim for failure to intervene. See Iqbal, 556 U.S. at 678. As Your Honor held in the decision on the previous motion to dismiss plaintiff's first amended complaint, "Plaintiff does not allege that any officer—other than the ones who personally falsified the charge—had any 'realistic opportunity to intervene to prevent the harm from occurring.'" (Dkt. No. 33 at 7 (quoting Case v. City of New York, 233 F. Supp. 3d 372, 402 (S.D.N.Y. 2017)). The same deficiencies exist in plaintiff's SAC.

Therefore, plaintiff's failure to intervene claim should be dismissed with prejudice as a matter of law.

## POINT III

## PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS DO NOT RELATE BACK TO HIS INITIAL COMPLAINT

The inclusion of "John Doe" defendants in a complaint will not serve to extend the statute of limitations as to those defendants under Fed. R. Civ. P. 15(c) unless an amended complaint relates back to the date the timely complaint was filed. Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013).

**A.** **Plaintiff's § 1983 claims against the individual defendant officers do not relate back under Fed. R. Civ. P. 15(c)(1)(C)**

"Rule 15(c)(1)(C) provides the federal standard for relation back." Id. For a claim against a Doe defendant to relate back to the filing of an initial complaint under Rule 15(c)(1)(C), the following requirements must be met:

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, *but for a mistake of identity*, the original action would have been brought against it; and . . . [4] the second and third criteria are fulfilled within [90][2] days of the filing of the original complaint, and . . . the original complaint [was] filed within the limitations period.

Id. (emphasis in the original) (quoting Barrow v. Wethersfield Police Dept., 66 F.3d 466, 468-69 (2d Cir. 1995)).

"[T]he failure to identify individual defendants when the plaintiff knows that such defendants must be named **cannot** be characterized as a mistake" under Rule 15(c). Id. at 517-18 (quoting Barrow, 66 F.3d at 470) (emphasis added). For the purposes of Rule 15(c), "lack of

---

[2] The time to serve a party under Fed. R. Civ. P. 4(m) has since been amended from 120 days to 90 days. See Fed. R. Civ. P. 4(m).

knowledge of a John Doe defendant's name does not constitute a 'mistake of identity.'" Id. at 518. Accordingly, where a plaintiff fails to amend and identify the John Doe defendants in a § 1983 action within the statute of limitations period, any amended complaint naming those individuals after the expiration of the statute of limitations cannot be said to relate back under Rule 15(c)(1)(C).

Courts in this Circuit have routinely denied a plaintiff's request to file an amended complaint adding new defendants on the grounds that the plaintiff did not know the identity of the John Doe officers until after the statute of limitations had expired. See e.g., id. at 518 ("This Court's interpretation of Rule 15(c)(1)(C) makes clear that lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity'") (citations omitted); Johnson v. Constantellis, 221 Fed. Appx. 48, 50 (2d Cir. 2007) (affirming district court's denial of plaintiff's motion to amend complaint to add as defendants previously unknown officers, reasoning that plaintiff's failure to name officers in original complaint was not a mistake justifying amendment under Rule 15(c) and that plaintiff's failure due to his lack of knowledge of the officers' identities would not "relate back" for statute of limitations purposes). Similarly, courts in this district have also consistently dismissed claims on the same grounds. See e.g., Cooper v. City of New Rochelle, 925 F. Supp. 2d 588, 601 n.9 (S.D.N.Y. 2013) (distinguishing Krupski v. Costa Crociere S.P.A., 130 S. Ct. 2485 (2010) and following Barrow in dismissing with prejudice Section 1983 claims against John Doe defendants reasoning "such claims [against any identifiable defendants] would now be time-barred in light of the three-year statute of limitations"); Fahie v. Mainor, No. 09 Civ. 8101 (LAP), 2013 U.S. Dist. LEXIS 49803, at *17-18 (S.D.N.Y. Mar. 31, 2013) (dismissing claims where plaintiff failed to substitute John Doe defendants with individual officers prior to the expiration of the statute of limitations); Bowen v. City of New York, No. 09 Civ. 7585 (RJS), 2010 U.S. Dist. LEXIS 132443, at *7-8 (S.D.N.Y. Dec. 10, 2010) (dismissing claims where plaintiff failed to identify John

Doe defendants within the statute of limitations); Rodriguez v. City of New York, No. 10 Civ. 1849 (PKC), 2011 U.S. Dist. LEXIS 102725, at *23-27 (S.D.N.Y. Sept. 7, 2011) (same); Dominguez v. City of New York, No. 10-CV-2620 (BMC), 2010 U.S. Dist. LEXIS 88818, at *4-6 (E.D.N.Y. Aug. 26, 2010) ("Krupski merely picks up where Barrow left off….Therefore, Barrow's holding that a lack of knowledge is not a mistake is still intact"); Alvarez v. Strack, No. 09 Civ. 1138 (PGG), 2010 U.S. Dist. LEXIS 111574, at *6-8 (S.D.N.Y. Oct. 19, 2010) (denying plaintiff's motion to amend to substitute "John Doe" defendants with named officers reasoning that §1983 claims were barred by the three-year statute of limitations and that plaintiff's lack of knowledge of the officer's identities was not an appropriate basis for relation back under Rule 15(c)).

Here, plaintiff failed to amend his original complaint and identify the "John Doe" defendants prior to the expiration of the statutes of limitations for his deprivation of the right to a fair trial and failure to intervene claims. Indeed, as discussed in Points I and II supra, plaintiff untimely filed the original complaint in this lawsuit as to those claims. Moreover, plaintiff had ample time in the more than 3 years prior to initiating this lawsuit to obtain the names of any unnamed defendants, by submitting requests to entities such as the district attorney's office and the CCRB. Indeed, plaintiff substituted the John Doe defendants in this case after defendants provided the underlying CCRB investigation. (Dkt. No. 40). At the very least, as discussed in Point I.A supra, plaintiff had notice of the arresting officer's identity—Det. Taylor—since the date of his arrest on March 18, 2015 by way of the DAT and property receipt he received that same day. Even knowing Det. Taylor's identity and having reason to know the remaining three defendants' identities, plaintiff failed to timely substitute them for the John Doe defendants in this lawsuit. Because this failure cannot be characterized as a "mistake," the filing of these claims cannot relate back to the filing of plaintiff's original complaint under Fed. R. Civ. P. 15(c)(1)(C).

Additionally, the individual defendant officers received no notice of this lawsuit and had no reason to believe that a lawsuit would be brought, and as a result, prejudice has ensued. <u>See</u> Fed. R. Civ. P. 15(c)(1)(C)(i). Here, no notice of claim was filed, and plaintiff rightly does not allege otherwise in his SAC. Even if a notice of claim was filed, "a Notice of Claim does not provide actual notice of a federal lawsuit to those employees named therein." <u>Cooper v. City of New York</u>, No. 10 Civ. 5636 (SAS), 2012 U.S. Dist. LEXIS 3499, at *7 (S.D.N.Y. Jan. 11, 2012). Moreover, a CCRB investigation is not the same as a notice of claim. Especially here, where the CCRB investigation did not result in any findings of misconduct, and no lawsuit was filed during the more than 2 years following the CCRB investigation, there was no reason for any of the individual defendants to believe that a lawsuit would follow. "The passage of time always threatens difficulty as memories fade. . . . The additional delay that plaintiff has caused here can only make matters worse." <u>Khanukayev v. City of New York</u>, 09 Civ. 6175 (GWG), 2011 U.S. Dist. LEXIS 131625, at *12 (S.D.N.Y. Nov. 15, 2011) (citing <u>Georgiadis v. First Boston Corp.</u>, 167 F.R.D. 24, 25 (S.D.N.Y. 1996)).

Therefore, plaintiff's claims do not relate back to the original complaint.

**B.  Plaintiff's § 1983 claims against the individual defendant officers do not relate back under Fed. R. Civ. P. 15(c)(1)(A)**

"Rule 15(c)(1)(A) permits an amended pleading to relate back when the law that provides the applicable statute of limitations allows relation back." <u>Hogan</u>, 738 F.3d at 518 (quotations omitted). "In other words, the amended complaint relates back if New York law, which provides the applicable statute of limitations, authorizes relation back." <u>Vasconcellos v. City of New York</u>, No. 12 Civ. 8445 (CM), 2014 U.S. Dist. LEXIS 143429, at *16 (S.D.N.Y. Oct. 2, 2014). The statute of limitations applicable to claims brought under § 1983 in New York is three years. <u>Patterson v. County of Oneida</u>, 375 F.3d 206, 225 (2d Cir. 2004).

### (1) New York C.P.L.R. § 203

Under New York law, a party seeking the benefit of the relation back doctrine to add a previously unknown defendant may utilize § 203 of the New York Civil Practice Law and Rules ("C.P.L.R."), New York's general relation back statute. See Strada v. City of New York, No. 11-CV-5735 (MKB), 2014 U.S. Dist. LEXIS 94687, at *20 (E.D.N.Y. July 11, 2014). Under C.P.L.R. § 203:

> New York courts allow claims against a new defendant to "relate back to timely filed pleadings when (1) the new claim arose out of the same conduct, transaction or occurrence as the original allegations; (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and (3) the new party knew or should have known that, but for a mistake as to the identity of the proper parties, the action would have been brought against him as well.

Id., at *21-23. "New York courts have held, however, that a plaintiff may not add a new defendant under . . . section [C.P.L.R. 203] unless 'the new party knew or should have known that, but for an *excusable mistake* by plaintiff as to the identity of the proper parties, the action would have been brought against him as well.'" Vasconcellos, 2014 U.S. Dist. LEXIS 143429, at *16-17 (citations omitted). "This requirement closely tracks the federal relation-back requirement of Rule 15(c)(1)(C)." Id., at *17; Buran v. Coupal, 87 N.Y.2d 173, 179 (1995). As discussed in Point III.A supra, plaintiff cannot satisfy Fed. R. Civ. Pro. 15(c)(1)(C)'s "mistake" element. Accordingly, he also cannot satisfy the "mistake" requirement of C.P.L.R. § 203. Therefore, plaintiff's claims do not relate back under C.P.L.R. § 203.

### (2) New York C.P.L.R. § 1024

An amended complaint purporting to replace unidentified "John Doe" defendants with identified defendants may also be said to relate back under C.P.L.R. § 1024 if the plaintiff

meets two requirements: (1) the plaintiff must exercise due diligence, prior to the expiration of the statute of limitations, to identify the defendants by name; and (2) the party must describe the John Doe parties in such form as will fairly apprise the parties that they are the intended defendants.  Hogan, 738 F.3d at 518-19 (citations omitted).

Plaintiff cannot show that he exercised due diligence, prior to the running of the statute of limitations, to identify the John Doe defendants in this matter. As previously discussed, plaintiff had actual knowledge of the identity of the arresting officer—Det. Taylor—since the date of his arrest. Moreover, although the events giving rise to plaintiff's allegations occurred in March of 2015, "[p]laintiff appears to have expended no efforts at all to identify the Individual Defendants in the three years that followed, waiting until the statute of limitations had [ ] run to file his complaint." JCG v. Ercole, No. 11 Civ. 6844 (JLC), 2014 U.S. Dist. LEXIS 57417, at *54 (S.D.N.Y. Apr. 24, 2014) (internal quotation marks and citation omitted). In that time, plaintiff could have "sought disclosures pursuant to a Freedom of Information Law ("FOIL") request" or written letters to the prosecutor's office. Id. Here, plaintiff could have easily provided a CPL 160.50 release to the District Attorney's Office to obtain records relating to his arrest, or sought the underlying CCRB investigation file from the CCRB. He did not. Further underlining plaintiff's lack of due diligence, Your Honor previously denied his motion for equitable tolling, noting that "[a] person acting with reasonable diligence under such circumstances would have, at some point during the three-year limitations period, found a way to pursue his claims." (Dkt. No. 33 at 12). That same lack of diligence is exemplified in plaintiff's failure to attempt to identify the individual defendants in this lawsuit before the statute of limitations expired. Accordingly, plaintiff cannot benefit from C.P.L.R. § 1024 with respect to his time-barred claims.

Based on the foregoing, the individually named defendants in the SAC cannot relate back to the date the complaint was filed, which was outside of the statute of limitations in the first instance. Therefore, all of plaintiff's claims must be dismissed.

## POINT IV

**PLAINTIFF'S § 1981 CLAIMS AND § 1983 CLAIMS FOR UNLAWFUL SEARCH AND SEIZURE AND EXCESSIVE FORCE WERE PREVIOUSLY DISMISSED WITH PREJUDICE**

To the extent the Court construes plaintiff's SAC as an attempt to re-plead his § 1981 claims and § 1983 claims for unlawful search and seizure and excessive force, plaintiff is barred from raising these claims again in his SAC. In deciding the previous motion to dismiss, Your Honor dismissed these claims with prejudice. (Dkt. No. 33 at 3, 4, and 12). Plaintiff's own SAC also characterizes these claims as "previously dismissed but included for narrative clarity on appeal." (SAC, Akina Decl., Ex. A ¶¶ 58-75). Therefore, to the extent that plaintiff's § 1981 claims and § 1983 claims for unlawful search and seizure and excessive force are mentioned again in the SAC, they must remain dismissed with prejudice.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss the Second Amended Complaint in its entirety, with prejudice, together with such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              May 22, 2018

                              ZACHARY W. CARTER
                              Corporation Counsel of the City of New York
                              *Attorney for Defendants Taylor, Cleary, Fradera,*
                                   *and Magliano*


                    By:    /s/
                              W. KeAupuni Akina
                              *Senior Counsel*
                              Special Federal Litigation Division
                              100 Church Street, Room 3-179
                              New York, New York 10007
                              (212) 356-2377

cc:      Gregory Antollino, Esq.
         *Attorney for Plaintiff*
         (via ECF)