

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT

**ZACHARY W. CARTER**
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NY 10007

**W. KEAUPUNI AKINA**
*Senior Counsel*
Phone: (212) 356-2377
Fax: (212) 356-3509
wakina@law.nyc.gov

June 21, 2019

**BY ECF**
Honorable Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:     Deshawn Daniels v. City of New York, et al.
        18 CV 3717 (RA)

Your Honor:

I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney representing defendants Brian Taylor, James Cleary, Wesley, Fradera, and Neil Magliano (collectively "defendants") in this matter. Defendants respectfully attach the recent Supreme Court decision in McDonough v. Smith, 588 U.S. ___ (2019), issued on June 20, 2019 in further support of their pending motion to dismiss. As plaintiff acknowledges in his letter filed today, the Court must dismiss the instant case in light of the Supreme Court's decision. (Dkt. No. 72).

The Supreme Court reversed the Second Circuit's decision in McDonough v. Smith 898 F.3d 259 (2d Cir. 2018), instead holding that a "Section 1983 fabricated-evidence claim…does not begin to run until the criminal proceedings against the defendant (i.e., the § 1983 plaintiff) have terminated in his favor." McDonough, 588 U.S. ___ at 3. "Only once the criminal proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated within the meaning of *Heck*…will the statute of limitations begin to run." Id. at 9. Thus, it appears that the Supreme Court's ruling has added an element to a 1983 fair trial claim alleging a deprivation of liberty – favorable termination – like that in a malicious prosecution claim. Id. at 6 ("malicious prosecution is the most analogous common-law tort here").

Here, plaintiff's case is not factually analogous to McDonough, but the ruling is instructive. Id. at 9 ("[T]he plaintiff in *Heck* had been convicted, while McDonough was acquitted"). However, plaintiff's criminal prosecution resulted in neither a conviction nor an acquittal since he accepted an adjournment in contemplation of dismissal ("ACD") pursuant to NY CPL § 170.55. (Certificate of Disposition, Akina Decl., Ex. D). It is well-settled law that an ACD "is not a favorable termination because it leaves open the question of the accused's guilt."

- 2 -

Fulton v. Robinson, 289 F.3d 188, 196 (2d Cir. 2002); Singleton v. New York, 632 F.2d 185, 193 (2d Cir. 1980). Therefore, plaintiff's denial of the right to a fair trial claim based on fabricated evidence resulting in a liberty deprivation fails as a matter of law since his criminal prosecution did not result in a favorable termination.

Respectfully submitted,

/s/
W. KeAupuni Akina
*Senior Counsel*

cc: All counsel of record (via ECF)