UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

**DESHAWN DANIELS,**       **SUPPLEMENTAL BRIEF**

    Plaintiff,

       -against-

                                                    18-3717 (RA)

**DETECTIVE TAYLOR, et alia**

    Defendants.
----------------------------------------------------------X

    The Court has ordered supplemental briefing as to how *McDonough v. Smith,* 139 S.Ct. 2149 (2019), affects the analysis of Plaintiffs § 1983 fair trial claim. She has asked the parties to answer two questions.

1. Does *McDonough* establish that a favorable termination is an element of a fair trial claim?

    The answer is yes, but that does not mean that "favorable termination" in the context of this federal tort – one not derived from New York common law – means the same under a § 1983 claim. In other words, even if an ACD is not a favorable termination under malicious prosecution, that does not mean it cannot be a favorable termination under a claim contending a denial of a fair trial. I am unable to find a cause of action for denial of a right to a fair trial in New York. New York Law has malicious prosecution, which its courts might believe reasonably covers a fair trial claim. But as envisaged by *McDonough,* a denial of a right to a fair trial is an intentional denial of a fundamental constitutional right. Mr. Daniel does not seek to challenge a conviction, merely to attack "the validity of the criminal proceedings against him[.]" *McDonough,* 139 S. Ct. at 2158. An ACD can easily be a favorable termination. Under denial of a fair trial, the plaintiff is attacking the transmission of false evidence to the District

1

Attorney, not the prosecution per se.  2. Assuming *McDonough* establishes that a favorable termination is an element of a fair trial claim, does an adjournment in contemplation of dismissal constitute a favorable termination in the context of a fair trial claim even if it does not constitute a favorable termination in the context of a malicious prosecution claim? In answering this question, the parties shall discuss *Ross v. City of New York,* 2019 WL 4805147, at *6-8 (E.D.N.Y. Sept. 30, 2019).

Before getting into *Ross,* if I may, I would like to mention Judge John Koeltl's opinion in *Wellner v. City of New York,* 393 F. Supp. 3d 388 (S.D.N.Y. 2019). In *Wellner,* Judge Koeltl refused to throw out a substantial (even after remittitur) verdict for an unfair trial. In that case, there were multiple charges: some negligible, some more worrisome. In *Wellner,* the Court held that a reasonable jury could find that the officers transmitted false information to influence the prosecution of *Wellner,* specifically that two officers

> collectively made four false representations to [the assigned] ADA: (1) that Officer [# 1] was struck by the plaintiff's car, (2) that Officer [# 1] sustained a leg injury, (3) that the plaintiff said that she was the hero and the cops were not, and (4) that the plaintiff said that all female cops are dykes. The jury could reasonably find that the officers made each of these representations and that the representations were false.

393 F. Supp. 2d at 393. The plaintiff in *Wellner* "pleaded guilty to disorderly conduct - namely, obstructing pedestrian traffic – with a promised sentence of ten days of community service. The other charges against the plaintiff were dropped." *Id.* The verdict still stood.

Thus, according to *Wellner,* a plaintiff convicted of a violation – with a sentence on top – can establish a violation of a right to a fair trial. Logically, it would seem that a person who takes an ACD may do so as well. The Court and all parties are familiar with the ACD, which is a way for the prosecution to decline to prosecute a case that is probably weak, or is a minor or first offense.  . What Wellner and Mr. Daniels contend, however, is that the officer transmitted false information to the district attorney. An ACD does not fix that, as plaintiff Wellner found.

In *Ross,* the Court denied summary judgment on the plaintiffs' right to a fair trial claim, reciting the elements as such:

2

> When a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983. To succeed on a § 1983 claim alleging a violation of the fair trial right, a plaintiff must prove that "an (1) investigating official (2) fabricated information (3) that is likely to influence a jury's verdict, (4) forwarded that information to prosecutors, and (5) the plaintiff suffered a deprivation of life, liberty, or property as a result.

*Ross v. City of N.Y.,* 2019 U.S. Dist. LEXIS 169762 at *13 (E.D.N.Y. Sep. 30, 2019).

Favorable termination is not part of that litany; one could say that is the end of the inquiry. However, Judge Chen then addressed the City defendants' contentions that an ACD – which the plaintiff in *Ross* took from the DA – barred the action. An ACD was not a favorable termination, which the City contended was an element of a fair trial claim. But Judge Chen held that this was not so. The Court looked to *McDonough,* where "the Supreme Court expressly declined to expand on the existing jurisprudence as to what constitutes a favorable termination for purposes of a fair trial claim. *Ross* at *15-16. The Court then quoted *McDonough:*

> [W]e have no occasion to address the broader range of ways a criminal prosecution (as opposed to a conviction) might end favorably to the accused. To the extent [the defendant] argues that the law in this area should take account of prosecutors' broad discretion over such matters as the terms on which pleas will be offered or whether charges will be dropped, those arguments more properly bear on the question whether a given resolution should be understood as favorable or not. Such considerations might call for a context-specific and more capacious understanding of what constitutes "favorable" termination for purposes of a § 1983 false-evidence claim, but that is not the question before us.

*McDonough,* at 2160 n.10. The *Ross* court then cited cases from the Second Circuit specifically holding that an ACD is not a bar to an unfair-trial claim. *See Ross* at *18.

As part of her reasoning, Judge Chen noted that "fair trial jurisprudence . . . is primarily concerned with the potential for invalidating criminal convictions," rather than asserting a common law right. Thus, if there were a "favorable termination requirement for fair trial claims . . . is necessarily different and more expansive than the one for malicious prosecution claims."

3

*Id.* at 19-20. Plaintiff agrees. In this case, both the plaintiff in *Ross* and in this case received ACD's; therefore the ACD is a favorable termination – or the element doesn't exist when one is bringing an action for lying to prosecutors. This holding, as well as that in *Wellner,* are persuasive authority for the Court to rely on; the Second Circuit cases are on point, even if they were decided before *McDonough*.

    For these reasons, the Court should follow *Ross* and *Wellner*.

Dated:  New York, New York
         February 6, 2020

                        Yours, Etc.,

                              /s/

                        GREGORY ANTOLLINO
                        Attorney for Plaintiff
                        275 Seventh Avenue
                        New York, New York 10001
                        (212) 334-7397