18 Civ. 3717 (RA)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DESHAWN DANIELS,

Plaintiff,

-against-

DETECTIVE BRIAN TAYLOR, DETECTIVE JAMES
CLEARY, SERGEANT WESLEY FRADERA,
DETECTIVE NEIL MAGLIANO,

Defendants.

**SUPPLEMENTAL BRIEFING IN FURTHER
SUPPORT OF DEFENDANTS' MOTION TO
DISMISS**

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendants Taylor, Cleary,*
*Fradera, and Magliano*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Suzanne Funes*
*Tel:  (212) 356-2386*
*Matter: 2018-033663*

## PRELIMINARY STATEMENT

By order dated February 5, 2020 [Docket Entry No. 76], the Court directed the parties to supplement the pending motion to dismiss with additional briefing regarding plaintiff's fair trial claim. Specifically, the Court directed the parties to address 1. whether *McDonough* establishes that a favorable termination is an element of a fair trial claim, and 2. assuming *McDonough* establishes that a fair trial is an element of a fair trial claim, whether an adjournment in contemplation of dismissal ("ACD") constitutes a favorable termination in the context of a fair trial claim, even if it does not constitute a favorable termination in the context of a malicious prosecution claim. In sum, defendants submit that *McDonough* does establish that a favorable termination is an element of a fair trial claim and an ACD does not constitute a favorable termination in the context of a fair trial claim.

## *MCDONOUGH* ESTABLISHES THAT A FAVORABLE TERMINATION IS AN ELEMENT TO A FAIR TRIAL CLAIM.

*McDonough* affirmatively stands for the proposition that favorable termination is an element of a fair trial claim. *McDonough v. Smith*, 139 S. Ct. 2149, 2159 (2019). The Supreme Court noted that "[t]here is not a complete and present cause of action to bring a fabricated evidence challenge to criminal proceedings while those criminal proceedings are ongoing. Only once the criminal proceeding has *ended in the defendant's favor*, or a resulting conviction has been invalidated within the meaning of *Heck* will the statute of limitations begin to run." McDonough, 139 S. Ct. at 2158 (internal quotations and citations omitted). (emphasis added); ("favorable termination is both relevant and required.") *Id. at 2160 (quoting Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). The Supreme Court further elucidated that courts must evaluate the constitutional rights allegedly violated to determine whether § 1983 actions "necessarily

question[s] the validity of an ongoing proceeding." *McDonough*, 139 S. Ct. at 2158 (quoting *Heck*, 512 U.S. at 477.

Courts within this Circuit have followed *McDonough* in applying the favorable termination element to fair trial claims. For example, in *Miller v. Terrillion*, Judge Vitaliano in the Eastern District of New York recently held that a plaintiff's fair trial claim that was initiated and founded upon fabricated evidence could not accrue unless and until a criminal proceeding terminated in his favor. *Miller v. Terrillion*, No. 16-CV-0052 (ENV) (RLM) 2020 U.S. Dist. LEXIS 18137, at *10 (E.D.N.Y. Feb. 4, 2020). Here, like in *Miller*, the plaintiff alleges that his 's fair trial claim was initiated and founded upon fabricated evidence and, therefore, it cannot accrue unless and until his criminal proceeding terminates in his favor. *Id*. Plaintiff even concedes that favorable termination is an element of a fair trial claim in the opening sentence of his supplemental briefing. *See* Docket Entry No. 77.

Moreover, while the Supreme Court specifically declined to comment upon what constitutes a favorable termination [*McDonough*, 139 S. Ct. at 2160-61 n.10] it repeatedly analogized the fair trial claim to malicious prosecution. *Id.* in *passim*. The Supreme Court further deferred to the law in the Second Circuit as to matters not specifically addressed in the decision. *Id.* at 2155 n.2-3, 2160 n.9. The Second Circuit defines *favorable termination* to mean "the underlying criminal proceeding ended in a manner that *affirmatively indicates [plaintiff's] innocence." Lanning v. City of Glen Falls*, 908 F.3d 19, 22 (2d Cir. 2018).  (emphasis added)

Post *McDonough*, Courts within this Circuit have also applied the malicious prosecution *favorable termination* standard to fair trial claims. *See Goldring v. Donawa*, No. 16-CV-5651 (KAM)(LB), 2019 U.S. Dist. LEXIS 161170, at *11 (E.D.N.Y. Sept. 19, 2019) (applying the malicious prosecution favorable termination standard to plaintiff's fair trial claim, and noting

that "plaintiff has not received a favorable termination under Second Circuit case law and, therefore, cannot maintain a § 1983 action for an unfair trial"); *Breton v. City of New York*, No. 17 Civ. 9427 (JGK), 2019 U.S. Dist. LEXIS 150407, at *23 (S.D.N.Y. Sept. 3 2019) (quoting *Myers v. Rowell*, No. 15 Civ. 0553 (DNH) (ATB) 2017 U.S. Dist. LEXIS 90408, at *8 (N.D.N.Y. 2017)) (internal quotations omitted) ("A termination is not favorable, for example, where a prosecution ends because of a compromise with the accused, or where the accused's own misconduct frustrates the prosecution's ability to proceed with the case[.]"); *see also McKenzie v. City of New York*, No. 17 Civ. 4899 (PAE), 2019 U.S. Dist. LEXIS 121937, at *46 (S.D.N.Y. July 22, 2019) ("Section 1983 claims for fabrication of evidence cannot be brought 'prior to favorable termination of [a plaintiff's] prosecution.'") (quoting *McDonough*, 139 S. Ct. at 2156.)

Courts in this Circuit have also incorporated the favorable termination element to a fair trial claim in jury instructions. Recently, in *Hines v. Larue et al.*, No. 16-CV-6817 (CBA) (E.D.N.Y. Sept. 24, 2019), [Docket Entry No. 73], the Court instructed the jury that for plaintiff's denial of the right to a fair trial claim, it "must [ ] decide whether the underlying criminal prosecution was terminated in Plaintiff's favor, such that is affirmatively indicates his innocence." This instruction is consistent with the "indicative of innocence" standard which is the standard used for malicious prosecution claims. *See Lanning*, 908 F.3d at 25. Accordingly, adopting a similar interpretation of favorable termination in fair trial claims is entirely in line with other courts in this circuit.

As demonstrated above, courts in this Circuit have recognized there is an interconnectivity of fair trial and malicious prosecution claims, and as such courts have applied the favorable termination claims to both elements. Following *McDonough*, courts in both the

Southern and Eastern Districts of New York in *Goldring, Breton[1], Mackenzie, Hines* and most recently in *Miller*, have begun to add the favorable termination as an element of fair trial claims.

### AN ANJOURNMENT IN CONTEMPLATION OF DISMISSAL DOES NOT CONSTITUTE A FAVORABLE TERMINATION IN CLAIMS FOR FAIR TRIAL

As discussed above, the Supreme Court declined to make the determination of what specifically constitutes a "favorable termination" and further deferred to the Second Circuit case law on matters not specifically addressed in its decision. *McDonough,* 139 S. Ct 2149, 2155 n.2-3, 2160 n.9.

In *Lanning*, the Second Circuit rejected the long-standing New York State law definition of favorable termination, first formulated in *Smith-Hunter v. Harvey*, 95 N.Y.2d 191, 199, 712 N.Y.S.2d 438 (2000) and *Catalino v. Danner*, 96 N.Y.2d 391, 729 N.Y.S.2d 405 (2001), which federal district courts in this circuit had been applying post-*Smith-Hunter*. That state law standard held that "any termination of a criminal prosecution, such that the criminal charges may not be brought again, qualifies as a favorable termination, so long as the circumstances surrounding the termination are *not inconsistent with the innocence of the accused . . . .*" *Catalino*, 96 N.Y.2d at 395 (emphasis added).

Instead, the *Lanning* Court held that in order to establish a favorable termination, a plaintiff must "still" show that "the underlying criminal proceeding ended in a manner that *affirmatively indicates his innocence*." *Lanning*, 908 F.3d at 22 (emphasis added). The "still" referred to the fact that the Court of Appeals had never moved away from its "seminal decision

---

[1] It is noteworthy that Judge Koeltl, the same Judge who decided the *Wellner* case, discussed *infra*, held just one month later in *Breton* that "a claim for denial to fair trial based on fabricated evidence does not accrue until the criminal proceeding *terminate[s] in favor* of the plaintiff." *Breton*, 2019 U.S. Dist. LEXIS 150407 at *27. n.2 (emphasis added). Accordingly, it is implicit in the *Breton* Court's reasoning, that in order for a plaintiff to succeed on a claim for denial to fair trial, the plaintiff must affirmatively prove that the proceeding ended in plaintiff's favor.

on § 1983 malicious prosecution claims" – *Singleton v. City of N.Y.*, 632 F.2d 185, 194-95 (2d Cir. 1980) – which defined the element of favorable termination in federal malicious prosecution claims in terms of the common law of torts.  *Lanning*, 908 F.3d at 26 (citing *Singleton*, 632 F.2d at 194-195).[2]  Tellingly, the Supreme Court in *McDonough* also repeatedly stated that in defining the requirements of a claim for fair trial, it too was guided by the principals of the common law claim of malicious prosecution.  *McDonough*, 588 U.S. at 2155-57, 2160.  Applying the common law, the *Lanning* Court wrote, "Our prior decisions requiring affirmative indications of innocence to establish 'favorable termination' therefore continue to govern."  *Lanning*, 908 F.3d at 25.

As the Supreme Court has held that "favorable termination" is "both relevant and required" in order to assert a fair trial claim (*McDonough*, 588 U.S. at 2160) *(*quoting *Heck*, 512 U.S. at 487), and as the Supreme Court based that determination on its analogy between denial of fair trial and common law malicious prosecution (*id*. at 2155-57, 2160), the definition of favorable termination for purposes of a fair trial claim should be identical to the definition of favorable termination for purposes of common law malicious prosecution – which, is the definition adopted by *Lanning*:  "favorable termination" means "the underlying criminal proceeding ended in a manner that affirmatively indicates [plaintiff's] innocence."  *Lanning*, 908 F.3d at 22.  Plaintiff cannot meet this standard.

Here, plaintiff alleges, *inter alia*, that on March 18, 2015, he was driving from the Bronx into Manhattan by way of the Macomb's Bridge.[Docket Entry No. 47, Second Amended

---

[2] The *Singleton* Court relied upon the Restatement (Second) of Torts, in noting that "[u]nder the common law, . . .  it is well-established that an accused, in order to maintain a cause of action for malicious prosecution, must establish that the state prosecution terminated in his favor," and that "[p]roceedings are 'terminated in favor of the accused' only when their final disposition is such as to indicate the accused is not guilty."  *Singleton*, 632 F.2d at 193 (quoting Restatement (Second) of Torts § 660 cmt. a (Am. Law Inst. 1977)).

Complaint "SAC") at ¶ 19]. Plaintiff was pulled over by the defendant officers near the Domino's Pizza at 148th Street [id. ¶ 20] and eventually arrested for making an illegal left turn on the Macomb's Bridge [id. ¶ 28]. At an unspecified time and location, the police officers found a butterfly knife in plaintiff's pocket. [Id. ¶ 32]. Plaintiff claims that "[t]hey" falsified the charge of "possession of a dangerous weapon" for the butterfly knife, which plaintiff contends he did not possess. [Id. ¶¶ 52-53]. Plaintiff also contends that "[t]he officers" falsely accused him of saying that the butterfly knife was for plaintiff's personal protection. [Id. ¶ 53]. On the day of his arrest on March 18, 2015, plaintiff was provided a property receipt with his property [id. ¶ 49; *see also* Docket Entry No. 68-2 the Property Receipt] and Docket Entry No. 68-3, a desk appearance ticket ("DAT").] Both documents indicated that the top charge against plaintiff was for PL 265.01—which is the statute for Criminal Possession of a Weapon in the Fourth Degree. [Docket Entry Nos. 68-2 and 68-3]. Plaintiff ultimately received an ACD for the same charge, PL 265.01, Criminal Possession of a Weapon in the Fourth Degree, culminating in the dismissal of his case on June 13, 2016. [SAC, Docket Entry No. 47 at ¶ 54; Docket Entry No. 68-4].

Courts in this Circuit have held that that an ACD is not a favorable termination. *Miller,* 2020 U.S. Dist LEXIS 18137, at *16. In *Miller,* the plaintiff was arrested for trespass in violation of New York Penal Law 140.10(e), and took an ACD on that exact charge. *Miller v. Terrillion*, 391 F.Supp. 3d 217, 221-23 (E.D.N.Y. 2019). The Court in *Miller* held that "when a criminal defendant has traded resolution of his culpability for peace, he may not bring a fair trial claim, the success of which would necessarily undermine the validity of a prosecution settled only by his acceptance of an ACD." *Miller,* 2020 U.S. Dist LEXIS 18137, at *16 (internal citations omitted).

Plaintiff, however, relies on the recent Eastern District of New York decision *Ross v. City of New York*, No. 17-CV-3505 (PKC), 2019 WL 4805147, at *6-8 (E.D.N.Y. Sept. 30, 2019), as well as *Wellner v. City of New York*, 393 F. Supp. 3d 388, 397 (S.D.N.Y. 2019) in support of his argument that an ACD is a favorable termination. Both of these cases, however, are readily distinguishable and their holdings should not be applied in this case.

The Court in *Ross* held that the favorable termination requirement for fair trial claims is necessarily different and more expansive than the one for malicious prosecution claims. *Ross*, 2019 U.S. Dist. LEXIS 169762, at *19.  Although the *Ross* Court recognized that in the context of malicious prosecution claims that an "ACD is not a favorable termination," it nevertheless found that the Second Circuit's clarification of the favorable termination standard in *Lanning*, 908 F.3d at 25, did not apply to plaintiff.  *Ross*, 2019 U.S. Dist. LEXIS 169762, at *19.  The *Ross* analysis stands in stark contrast to the Supreme Court's decision in *McDonough*.  As discussed above, the Supreme Court deferred to the law in the Second Circuit as to matters not specifically addressed in the decision. *Id.* at 2155 n.2-3, 2160 n.9. Because the Supreme Court did not define the term favorable termination in the context of fair trial claims, the Second Circuit's ruling in *Lanning* should be instructive.  In *Lanning*, *favorable termination* was clarified to mean "the underlying criminal proceeding ended in a manner that *affirmatively indicates [plaintiff's] innocence." Lanning v. City of Glen Falls*, 908 F.3d 19, 22 (2d Cir. 2018). (emphasis added).  Post *Ross,* courts in the Second Circuit have applied *Lanning* in finding that ACDs are not favorable terminations in the context of fair trial claims. Indeed, "a comparison of [fair trial and malicious prosecution] claims through the lens of *McDonough* leads to the inevitable conclusion that [plaintiff's] fair trial claim is barred by his acceptance of an ACD. *Miller*, 2020 U.S. Dist. LEXIS 18137, *12.

Moreover, while the Court in *Ross* held that an ACD is a favorable termination, that holding is inapplicable here, because in *Ross* a genuine dispute existed as to whether the alleged fabricated evidence caused the prosecution to pursue charges against plaintiff. *Miller,* 2020 U.S. Dist. LEXIS 18137, *16 (quoting and distinguishing *Ross*, 2019 WL 4805147, at *8-9.) Internal quotations omitted.) Although the plaintiff in *Ross* received an ACD on the underlying charge of Obstruction to Governmental Authority ("OGA"), a genuine dispute nevertheless existed as to whether that evidence caused the prosecution to pursue charges against plaintiff. *Miller,* 2020 U.S. Dist. LEXIS 18137, *16 n.6. (quoting *Ross*, 2019 WL 4805147, at 8-9.)  Thus, it appears that there was a discrepancy between the degree of physical contact plaintiff admitted she had with an arresting officer, and the more aggressive physical contact that the officer actually communicated to the prosecutors. *Id.* at *16 n.6. The Court found a genuine dispute underlying the evidence presented to prosecutors because the prosecutors may not have brought charges without plaintiff's allegation that the officer exaggerated the extent of physical contact the plaintiff had with the officer. *Id.*

Conversely, unlike in *Ross*, it is uncontroverted that plaintiff received a DAT following his arrest, and he took an ACD on the exact charges that he was arrested for. Unlike the facts in *Ross, here,* no genuine dispute exists as to the evidence presented to prosecutors. The plaintiff was charged with violating PL 265.01(2), and took an ACD on those exact charges. As articulated in *Miller,* it stands to reason that "when a criminal defendant has exchanged their culpability in exchange for peace, he may not bring a fair trial claim, the success of which would necessarily undermine the validity of a prosecution settled only by his acceptance of an ACD." *Miller,* 2020 U.S. Dist. LEXIS 18137, at *16. In sum, an ACD is not a favorable termination in a

fair trial claim. Accordingly, since plaintiff accepted an ACD in the underlying criminal proceedings his claim should be dismissed because he did not receive a favorable termination.

Moreover, *Wellner* is factually distinguishable from the facts in *Miller* and in this case simply because plaintiff in *Wellner* did not receive an ACD, but instead pled guilty to the underlying charge. *Wellner*, 393 F. Supp. 3d at 397. Specifically, the plaintiff in *Wellner* was charged with several misdemeanors and a lesser offense, and the plaintiff alleged that the misdemeanors, but not the lesser offenses, were based on the fabricated evidence. *Id.* The prosecutor had dropped the misdemeanors, but plaintiff was ultimately convicted of the lesser offense. *Id.* The *Wellner* case is inapplicable here because the Court did not even reach the question of whether an ACD precluded a fair trial claim under *McDonough,* as the plaintiff pled guilty and did not receive an ACD. In fact, the Court held that *McDonough* did not apply because plaintiff based her fair trial claim on the misdemeanors and not the lesser offense, an offense that plaintiff was actually convicted of. *Id.* Accordingly, because the plaintiff here and in *Miller* accepted an ACD, the *Wellner* case is inconsequential.

Dated:      New York, New York
            February 19, 2019

                                    JAMES E. JOHNSON
                                    Corporation Counsel of the City of New York
                                    *Attorneys for Defendants Taylor, Cleary, Fradera,*
                                    *    and Magliano*


                          By:       *Suzanne Funes*
                                    _____
                                    Suzanne E. Funes, Esq.
                                    Joshua S. Kaufman, Esq.
                                    Special Federal Litigation Division
                                    100 Church Street
                                    New York, New York 10007
                                    (212) 356-2386

cc:      Gregory Antollino, Esq. (via ECF)
         *Attorney for Plaintiff*